IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: : CHAPTER SEVEN
:
LAURA LEE NIELSEN, : BANKRUPTCY NO.: 1-07-bk-02546
:
DEBTOR :

# OPINION

There appears to be no factual dispute. Laura Lee Nielsen filed a Chapter 7 bankruptcy on August 16, 2007. At the time of filing, Ms. Neilsen possessed an unliquidated workers' compensation claim that she has attempted to exempt under 11 U.S.C. § 522(d)(5) and (d)(10)(C).

On December 21, 2007, the Debtor reached a settlement of the workers' compensation claim for the sum of $52,000. It was agreed with the carrier that $10,000 of that sum was received in consideration of future medical claims and $42,000 represented all future wage claims for workers' compensation. The Debtor actually received $41,600 after deducting legal fees.

The Trustee, Charles Bierbach has registered an Objection to the exemption claim on two theories. First, Trustee Bierbach argues that part of the claim, since liquidated as a part of a post-petition settlement with the insurance carrier, was attributable to pre-petition loss of earnings and was not, technically, a "right to receive" a disability benefit under § 522(d)(10)(C), but a liquidation of an accumulated benefit.

Second, the post-petition settlement of the claim resulted in a lump sum settlement of $10,000 representing a settlement of future medical expenses and, thus, not covered by any of the exemption subsections except § 522(d)(5).

The Trustee argues that lump sum payments can only be exempted under § 522(d)(5) and payment for loss of future income can only be exempted under § 522(d)(11)(E). The Trustee implies that compensation for loss of pre-petition income is not covered by § 522(d)(10)(C). This appears to be at odds with the precise language of the subsection which allows an exemption for the "debtor's right to receive - (C) a disability . . . benefit." Compare this language with § 522(d)(11)(E) where the exemption covers the debtor's right to receive "a payment in compensation of loss of *future earnings* of the debtor."[Emphasis ours]. Simply put, workers' compensation is income by reason of a disability, notwithstanding the fact that it may be measured by past or prospective income had the injury not occurred.

Interestingly, the Trustee cites to only two cases in his brief in support of his position that the objection should be sustained. Both of those cases, however, stand for the proposition that a "workers' compensation claim which is pending as of the debtor's bankruptcy petition but which is then settled at a later date for a lump sum would . . . qualify under Section 522(d)(10(C)." *In re Sanchez*, 362 B.R. 342, 360 (Bankr. W.D.Mich. 2007), *in accord, In re Michael*, 262 B.R. 296 (Bankr. M.D.Pa. 2001).

In a bit of a twist, the Trustee seeks to determine the exemptions as of a date post-petition under the guise of conducting a "post-petition analysis." He would like to

interpret the post-petition settlement in such a way as to limit the exemption rights of the Debtor. This is inconsistent with the significant weight of authority that exemption claims are determined as of the date of bankruptcy filing. *White v. Stump*, 266 U.S. 310, 313, 45 S.Ct. 103, 69 L.Ed. 301; *Zibman v. Tow (In re Zibman)*, 268 F.3d 298, 302 (5th Cir. 2001); *Ford v. Konnoff (In re Konnoff)*, 356 B.R. 201, 204 (9th Cir. BAP 2006). As of that date, the Debtor possessed a "right to receive . . . a disability . . . benefit." The weight of authority classifies workers' compensation benefits as a "disability benefit" under this subsection. See *In re Michael*, *supra*, and the cases cited therein. Nothing else need be proven to come within the exemption umbrella of § 522(d)(10)(C).

    An Order will follow.

Date: January 9, 2009

John J. Thomas, Bankruptcy Judge
(CMS)

*This opinion is electronically signed and filed on the same date.*